The case of *State* v. *Ferguson,* 96 Ohio App., 297, 121 N. E. (2d), 684, decided by this court, is not in conflict with the conclusion we have reached herein, for the reason that in the cited case the offense was committed in February, 1953, which was prior to the repeal of Section 4507.37, Revised Code (Section 6296-30, General Code), and the amendment of Section 4507.15, Revised Code (Section 6296-16, General Code).

The writ is allowed.

*Writ allowed.*

HORNBECK and WISEMAN, JJ., concur.

MAYBORN, APPELLEE, *v.* THE CONTINENTAL CASUALTY CO. OF CHICAGO, APPELLANT.

(No. 1333—Decided October 7, 1955.)

*Mr. Robert G. Day* and *Mr. David S. Dennison, Jr.,* for appellee.

*Mr. R. C. McKay,* for appellant.

NICHOLS, J. This action was instituted in the Court of Common Pleas of Trumbull County, wherein the plaintiff, L. L. Mayborn, sought the reformation of a certain bond, Mayborn seeking to change the written bond so as to name him as obligee thereunder instead of the United States of America, the obligee named therein, and a money judgment on the bond as reformed.

The Common Pleas Court rendered its decree reforming the bond and rendered the money judgment prayed for.

From that decree and judgment an appeal on questions of law and fact was duly prosecuted to this court by The Continental Casualty Company, the appellant having filed the appeal bond in the amount fixed by the trial court; and such appeal was heard herein *de novo*, both parties submitting the appeal on the transcript of the evidence taken in the Common Pleas Court, reserving the objections and exceptions entered in the trial court. No additional evidence was offered by either party. This court, having considered the transcript of the evidence, the original pleadings, the transcript of the docket and journal entries in the court below, as well as the written briefs and oral arguments of counsel, rendered its final decree in favor of The Continental Casualty Company, thereby denying reformation of the bond as well as the money judgment rendered in the trial court.

Unfortunately, the journal entry of this court's decree, prepared by counsel for the casualty company and signed by the members of this court, contained certain language purporting to find error in the decree of the Common Pleas Court for which that decree should be reversed; but the journal entry specifically set forth that the case was heard *de novo* herein and final decree entered for the casualty company.

It is quite apparent that the language of our decree, wherein error was found to have occurred in the trial court requiring reversal of the judgment and decree of that court, was mere surplusage which in no way changed the fact that the appeal was heard *de novo* and final decree of this court rendered for the casualty company.

Other confusing circumstances were set forth upon the docket of the Court of Common Pleas. First, when the transcript of the evidence taken in the trial court was filed the clerk of that court designated such transcript as a bill of exceptions, be-

cause it bore that title, and notice of the filing thereof was given to counsel for plaintiff. At the expiration of 10 days from the filing thereof, the transcript designated a bill of exceptions was transmitted to the trial court, objections having been filed to the contents thereof by counsel for the plaintiff, but no objection thereto was made on the ground that the so-called bill of exceptions had not been filed within the time prescribed by law. The trial court considered the objections and thereupon "allowed, filed and sealed and ordered to be made a part of the record" the transcript as a "bill of exceptions."

Certainly, there can be no just criticism of the clerk of courts for the entries made upon the docket of that court reciting the filing of a bill of exceptions, the notice to counsel of such filings and the allowance thereof as a bill of exceptions by the trial court. It seems perfectly clear that counsel for the casualty company can not complain of the entries made in the clerk's office which were induced by his own conduct in describing the transcript as a bill of exceptions. However, it is perfectly apparent from the record that the transcript denominated a "bill of exceptions" was not filed until 53 days after the overruling of a motion for a new trial, and this court was not justified in considering that transcript as a bill of exceptions, nor did it consider it as such.

Counsel for Mayborn did not urge that because of the absence of a *duly filed* bill of exceptions this court must disregard errors claimed to have occurred in the trial court. No motion was made by such counsel to dismiss the appeal on law and *fact*, or claim made that the action was not one in chancery. Indeed, we have no hesitancy in saying that all parties, as well as this court, knew that the action was being heard *de novo* on the appeal filed on questions of law and *fact*.

No separate assignment of errors was filed in this court by counsel for the casualty company, although in his brief such counsel did argue that certain errors occurred in that court. It is apparent to this court that counsel for the casualty company was simply trying to convince this court that the decree of the Common Pleas Court was unauthorized and that a different decree should be rendered here.

After the decree of this court was entered upon our journal, Mayborn filed in the Supreme Court his motion to certify the

record to that court for review, and we are told that such motion has been allowed by the Supreme Court. Thereupon counsel for the casualty company made a motion that the Supreme Court remand the "Bill of Exceptions" to the trial court for the correction of "its journal, docket and the transcript of the docket and journal entries which appear in the 'bill of exceptions.'" The so-called bill of exceptions having been remanded to the trial court, counsel for the casualty company filed its written motion for correction thereof in certain respects, and upon hearing that motion the Judge of the Court of Common Pleas refused to make the corrections requested on the ground, stated in his opinion, that the transcript of the evidence was not filed until 53 days after the overruling of the motion for a new trial, and in his judgment there was no bill of exceptions but merely a transcript of the evidence, which he refused to correct in the manner sought by counsel for the casualty company on the stated ground that he had no authority to correct a transcript of the evidence in the absence of a bill of exceptions.

From the refusal of the Common Pleas Court to make the correction sought by the casualty company it appealed to this court upon questions of law, and counsel for Mayborn have filed a motion to dismiss the appeal on the ground that the Common Pleas Court entered no final appealable order or judgment.

Had a motion been made in the Supreme Court to remand the record to this Court of Appeals for correction of the final decree entered herein it would have been proper for this court to have stricken from its journal entry all of the matter which we have hereinabove referred to as surplusage, for such it was.

We are of opinion that the refusal of the Common Pleas Court to amend a non-existent bill of exceptions did not constitute a final appealable order prejudicial to the casualty company, and the motion to dismiss this appeal should be, and is, sustained and the appeal dismissed with exceptions to the casualty company.

*Appeal dismissed.*

GRIFFITH, J., concurs.
PHILLIPS, P. J., concurs in the judgment of dismissal.